WALKER *v.* TRACE.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT ON THE PLEADINGS—
   TORT ACTION.
   Court rule providing for judgment on pleadings in actions arising
   from "contract or judgment or statute" does not apply to
   plaintiff's action whose initial summons and statement of
   claim were in assumpsit but whose declaration clearly alleges
   a tort action of conversion and conspiracy (Common Pleas
   Court, Rule 21, § 1).

2. SAME—MOTION FOR ACCELERATED JUDGMENT—FACT QUESTION.
   Denial of defendant's motion for accelerated judgment *held,*
   proper, where the pleadings on their face raise a fact question
   and the cause should be heard on its merits.

3. COSTS—PREVAILING ONLY IN PART.
   No costs are allowed on appeal, where reversal with new trial
   is granted, rather than reversal without a new trial, the de-
   fendant having prevailed only in part.

Appeal from Common Pleas; Stanczyk (Benjamin
C.), J. Submitted Division 1 December 7, 1965, at
Detroit. (Docket No. 788.) Decided May 11, 1966.

Declaration by George L. Walker, M.D., against
Keith B. Trace, Eleanor P. Trace, and Michigan
Medical Service, a Michigan corporation, for reim-
bursement for medical services rendered to Claude
J. Trace, deceased. Judgment on the pleadings for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading § 335 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

plaintiff.   Defendants appeal.   Reversed and remanded.

*Reginald S. Johnson* and *Arthur F. Barkey,* for plaintiff.

*Butzel, Levin, Winston & Quint (Henry H. Sills,* of counsel), for defendants.

Watts, P. J.   This is an appeal from the common pleas court of Detroit.   The action was brought by plaintiff, George L. Walker, M. D., for reimbursement for medical services rendered to Claude J. Trace, deceased.   Suit was brought against decedent's son and widow, and against Michigan Medical Service, a Michigan corporation, better known as Blue Shield.

While a copy of the calendar entries of the lower court indicate that the initial summons and statement of claim were in assumpsit, plaintiff's declaration clearly alleges a tort action charging in paragraph 10 conversion and conspiracy among the defendants.   These charges are denied in the defendants' answer.

After the issues were joined, the plaintiff filed a motion for judgment on the pleadings and an affidavit in support of the motion, apparently pursuant to Rule 21, § 1 of the rules of the common pleas court of Detroit.

The stated court rule reads as follows:

"At any time after any cause arising upon contract or judgment or statute shall be at issue, upon motion of the plaintiff, after the usual notice to the defendant, supported by the affidavit of the plaintiff, or anyone on his behalf having knowledge of the facts, verifying the plaintiff's cause of action, and stating the amount claimed and his belief that there

is no defense to the action, the court shall enter a judgment in favor of the plaintiff, unless the defendant shall prior to, or at the time of hearing of said motion, make and file an affidavit of merits. Said affidavit of merits shall state whether or not the defense claimed therein applies to the whole of the plaintiff's claim, and if not, it shall state definitely what item or items of the plaintiff's claim and the amount thereof, is admitted."

The motion was granted and an order entered.

Since on the face of the pleadings the cause of action does not arise from contract, judgment, or statute, Rule 21, *supra,* does not apply.

Appellant complains on appeal of the denial of its motion for accelerated judgment which alleged:

"Plaintiff's declaration asserts no cause or claim upon which relief can be granted in this court against this defendant."

The pleadings on their face raise a fact question, and the cause should be heard on its merits.

Reversed and remanded for proceedings consistent with this opinion. No costs, the defendant having prevailed only in part.

BURNS and J. H. GILLIS, JJ., concurred.